IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| DAVID LEE NELSON and MARCY NELSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 3:04-CV-372 ) |
| CITY OF OLIVER SPRINGS, TENNESSEE, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This civil action is before the court on defendant's unopposed motion for summary judgment [doc. 9]. For the reasons provided herein, the motion will be granted and this case will be dismissed.

I.

*Background*

Plaintiffs' son died in a one-car motor vehicle accident while fleeing an extended high-speed pursuit by defendant's police officer Dwayne Bales. By their second amended complaint, plaintiffs argue in material part that

> 1. Officer Bales violated the decedent's rights, via 42 U.S.C. § 1983, as guaranteed by the Fourteenth ("guaranteeing due process of law to all citizens") and Fourth ("granting all citizens the right to be free from unreasonable seizures") Amendments. [Doc. 1, ex. 2, ¶¶ 7-8].

2. Officer Bales' violations of statutes, constitutional provisions, and departmental policies "either alone or combined with other acts of negligence, gross negligence, and/or recklessness on the part of Officer Dwayne Bales and/or the City of Oliver Springs constitute the direct and proximate cause of the wrongful death[.]" [Doc. 1, ex. 2, ¶ 11].

3. Defendant failed to provide its officers with adequate training, policy guidelines, and supervision relating to police pursuit. [Doc. 1, ex. 2, ¶ 15].

4. "Under the doctrine of *respondeat superior* . . . the City of Oliver Springs, Tennessee, is jointly and severally liable for the negligent, grossly negligent, reckless, and outrageous conduct of its agent, Officer Dwayne Bales." [Doc. 1, ex. 2, ¶ 5].

In addition to their § 1983 claims, plaintiffs seek recovery under theories of "negligence, gross negligence, recklessness, and/or outrageous conduct." [Doc. 1, ex. 2, ¶¶ 13-14, 16-18]. Plaintiffs further argue that Tennessee Code Annotated § 55-8-108(e) "is unconstitutional[.]" [Doc. 1, ex. 2, ¶ 18].[1]

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Edwards v. Aguillard*, 482 U.S. 578, 594, 107 S. Ct. 2573, 2583, 96 L. Ed. 2d 510 (1987) (quoting Fed.

---

[1] Section 55-8-108(e) provides in material part that "no municipality or county nor the state or any of its political subdivisions, nor their officers or employees, shall be liable for any injury proximately or indirectly caused to an actual or suspected violator of a law or ordinance who is fleeing pursuit by law enforcement personnel."
2

R. Civ. P. 56(c)).  The movant may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which it bears the ultimate burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial.  *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).  In order to defeat a motion for summary judgment, the non-moving party must present significantly probative evidence in support of its complaint.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).  The non-movant's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.  *Liberty Lobby,* 477 U.S. at 255, 106 S. Ct. at 2513.  The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided.  *Liberty Lobby,* 477 U.S. at 251-52, 106 S. Ct. at 2512.  "Where the defendant demonstrates that after a reasonable period of discovery the plaintiff is unable to produce sufficient evidence beyond the bare allegations of the complaint to support an essential element of his or her case, summary judgment should be granted."  *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992).

However, a court cannot grant summary judgment simply because the nonmovant has not responded. *See Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991). Instead, the motion must be carefully examined to ensure that the moving party has discharged its burden of showing an absence of disputed material facts. *See id*.

III.

*Analysis*

> Section 1983 creates a federal cause of action against state or local officials who deprive a person of a federal right while acting under the color of state law. To prevail in a § 1983 suit against a municipality, a plaintiff must show that the alleged federal right violation occurred because of a municipal policy or custom. A municipality may not be sued under § 1983 for an injury inflicted solely by its employees or agents.

*Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005) (citations and quotation omitted).

The present plaintiffs have made no effort to show that the alleged constitutional violations stemmed from a policy or custom of the City of Oliver Springs. Further, the court notes that plaintiffs' theories are not suggestive of a constitutional violation. Police pursuit such as the present "uncomplied-with show of authority" is not a "seizure" under the Fourth Amendment, *California v. Hodari D.*, 499 U.S. 621, 626, 111 S. Ct. 1547, 1550-51, 113 L. Ed. 2d 690 (1991), and "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *County of Sacramento v. Lewis*, 523 U.S. 833, 854, 118 S. Ct. 1708, 1720, 140 L. Ed. 2d 1043 (1998).

4

Defendant's summary judgment motion will accordingly be granted as to plaintiffs' § 1983 claims. The court declines to exercise supplemental jurisdiction over the remaining state law claims, 28 U.S.C. § 1367(c)(3), and those claims will be dismissed without prejudice. *See* 28 U.S.C. § 1367(d). An order consistent with this opinion will be entered.

ENTER:

        s/ Leon Jordan
United States District Judge